Steven M. Bierman (SB 6615)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

Thomas C. Green (admission *pro hac vice* pending)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

*Counsel for the Movant*
C. GREGORY EARLS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
C. GREGORY EARLS,                                          :
                                                           :   **No. 07-cv-5946 (NRB)**
               Movant,  :   **(No. 03-cr-0364 (NRB))**
                                                           :
             v.                          :
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
             Respondent.                 :
                                                           :
----------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOVANT'S MOTION TO VACATE, SET ASIDE, OR
<u>CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255</u>**

## INTRODUCTION

Movant C. Gregory Earls submits this Reply Memorandum of Law in Further Support of his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255, filed with this Court on June 22, 2007. The sentence imposed on Mr. Earls is unconstitutional and is otherwise open to collateral attack because it has resulted in a fundamental miscarriage of justice. Mr. Earls has been prejudiced by the Court's errors in conducting sentencing and imposing the sentence in this case. Mr. Earls has established a reasonable probability that the result of the sentencing proceeding would have been different had the Court ruled on Mr. Earls's material sentencing objections and made the necessary factual findings before imposing the sentence. Instead, the Court denied Mr. Earls a full and fair opportunity to present both his allocution and rebuttal evidence. Mr. Earls respectfully seeks a meaningful opportunity to prove that the government's and PSR's figures adopted by the Court are wrong. This Court should grant the due process that Mr. Earls was denied and remedy the miscarriage of justice that has resulted therefrom.

## ARGUMENT[1]

The government's response to Mr. Earls's motion spans 34 pages, but only seven of those pages are devoted to legal argument.[2] The government addresses Mr. Earls's claims on the merits, incorrectly contending that this Court ruled on Mr. Earls's material objections presented prior to and at the time of his sentence and made necessary factual findings in connection with

---

[1] The purpose of this reply is not to repeat the arguments raised by Mr. Earls in his motion. The Court has those arguments well in mind. Rather, Mr. Earls will focus his reply to address the government's legal contentions raised in its opposition. Mr. Earls does not agree with the government's rendition of the facts as described in the government's opposition.

[2] This Court granted the government's motion to file an over length opposition brief.

Mr. Earls's sentence. Opp'n at. 26-34. The sentencing transcript directly contradicts the government's position. By contrast, the record clearly demonstrates that the sentencing Court failed to consider Mr. Earls's material arguments and evidence in response to the government's purported loss calculation and victims figure, resulting in a fundamental miscarriage of justice.[3] This miscarriage of justice is compounded by the fact that Mr. Earls's timely objections to the PSR, which were once again voiced at his sentencing hearing, remain unresolved to this day.

I. **THE GOVERNMENT CONCEDES THAT THE SENTENCING COURT ERRED IN RULING THAT FACTUAL DISPUTES REGARDING LOSS AMOUNT WOULD NOT FACTOR INTO THE LENGTH OF THE IMPOSED SENTENCE**

Nowhere in the government's response to Mr. Earls's motion will the Court find any refutation or discussion of Mr. Earls's third claim, that it was error for the sentencing Court to rule that factual disputes regarding loss amount would not factor into the length of Mr. Earls's sentence. *See* Mot. at 11-14. The government's inability to muster a response to this claim is

---

[3] This Court has hinted that Mr. Earls's counsel on direct appeal failed to raise the critical arguments that form the basis of the present Section 2255 motion. *See* Judge Buchwald's Ltr. to Counsel, dated July 27, 2007 (ordering letter briefing as to why "[n]either party has addressed whether the § 2255 petition is properly presented to the Court given[]. . . that the issues presented were apparent from the record of Earls' sentence and rely on law that existed at the time of Earls' appeal"). Mr. Earls agrees with the suggestion that his appellate counsel provided ineffective assistance in failing to present these arguments on direct appeal. There is no explanation for why his counsel omitted these arguments, especially when considering the fact that Mr. Earls's counsel at sentencing was the *same* counsel that represented him on direct appeal. He was a witness to the facts that gave rise to Mr. Earls's instant claims. There is no question that Mr. Earls's counsel should have been aware of these arguments and the only recourse now available to Mr. Earls, due to his prior counsel's failure to address the arguments to the appellate court, is for Mr. Earls to seek relief in this habeas proceeding. Alternatively, as noted in Mr. Earls's letter brief ordered by the Court, Mr. Earls's claims are sustained without a showing of ineffective assistance because he seeks the Court's correction of a fundamental miscarriage of justice. As an additional alternative point, Mr. Earls cites the prevailing view that "[t]he government waives the affirmative defense of procedural default by failing to raise it in response to a § 2255 motion, and consideration of a prisoner's defaulted claims [even] without a finding of cause and prejudice will be allowed." Wright, King & Klein, Federal Practice and Procedure: Criminal 3d § 596.1, at p. 741 n. 23 (collecting cases holding that the government waives its procedural-default defense if it fails to raise it in its response to the Section 2255 motion).

3

tantamount to an acknowledgment of its validity.  The government has not responded because the math speaks for itself.  Likewise, the government has failed to respond to Mr. Earls's point that the PSR's table summary, which was necessarily adopted by the Court in imposing the sentence, recommended a total loss in the amount of $21,971,628 in direct contravention of the PSR's express justification that the total amount owed by Mr. Earls to investors is the lower sum of $19,952,498.98.  Mot. at 3 n.2; *compare* PSR at 31 *with id.* at 32.  Instead of attempting to reconcile the two figures, the Court adopted the higher figure without offering any justification.[4] *Id*.  It is undisputed that the difference of over $2 million propelled Mr. Earls into a higher sentencing range.  If for no other reason, this Court should resentence Mr. Earls to correct the patently erroneous math utilized in imposing his sentence.

Moreover, the Court premised its determination of loss on an incorrect understanding of the record, operating under the misimpression that "[t]here is ample support in the record for an offense level of 34" because "Mr. Earls defrauded over $20 million *from over nine years* [*sic*]." Feb. 25 2005, Tr. at 38:24, 39:1 (emphasis added).  There is no basis whatsoever for suggesting that the charged fraud occurred over a nine-year period.  The government itself has always taken the position that the charged fraud occurred over a four-year period (1998, 1999, 2000, 2001).

## II.  THE GOVERNMENT MISUNDERSTANDS MR. EARLS'S SIXTH AMENDMENT CLAIM AND THE CASE LAW USED TO SUPPORT THAT CLAIM

The government attempts, in its response, to recast Mr. Earls's argument as claiming that *United States v. Booker*, 543 U.S. 220 (2005), flatly prohibits fact-finding by the district court in determining a defendant's sentence under the Guidelines.  That is not what Mr. Earls has argued;

---

[4] Alternatively, Federal Rule of Criminal Procedure 36 gives the sentencing court the power and duty to correct mistakes in the court's record.  FED. R. CRIM. P. 36.  Rule 36 expressly provides that the court may correct the record at any time, even on its own initiative.  *Id*.

Mr. Earls recognizes that *Booker* and its progeny have not addressed the specific issue of judicial fact-finding to determine offense levels for the purpose of the Guidelines or to determine restitution. *See* Mot. at 7, 9 n.7. Mr. Earls simply argues that the "enhancements to [his] base offense level conflict with the spirit of [*Booker*], requiring that the jury's verdict alone must authorize a defendant's sentence." Mot. at 6 (citations omitted). This spirit of *Booker* is captured in the whole line of cases stemming from *Apprendi*, all of which give meaning to the Sixth Amendment jury-trial guarantee, as noted in Mr. Earls's original motion. Mot. at 7-8; *see also Cunningham v. California*, 127 S. Ct. 856, 865, 549 U.S. ___ (2007) (holding that "the jury's verdict alone limit[s] the permissible sentence"); *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (observing that the "statutory maximum" for Sixth Amendment purposes is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*" (emphasis in original)); *Harris v. United States*, 536 U.S. 545, 557-66 (2002) (plurality opinion) ("*Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered . . . the domain of the jury . . . by those who framed the Bill of Rights."). At a minimum, Mr. Earls seeks a recalculation of his sentencing range based on a corrected loss amount reached after a full consideration of his *unresolved* objections that he raised in the PSR, sentencing briefs, and at his sentencing hearing. Reconsideration is also necessary to correct the PSR's undisputed erroneous calculations that have prejudiced Mr. Earls.

**III.    THE SENTENCING COURT DID NOT, AS THE GOVERNMENT ARGUES, RULE ON MR. EARLS'S OBJECTIONS TO THE PSR STATEMENT OF THE NUMBER OF VICTIMS OR THE LOSS AMOUNT; THE FAILURE TO MAKE REQUIRED FINDINGS OF FACT AND TO ADDRESS MATERIAL OBJECTIONS RENDERED THE SENTENCE UNREASONABLE**

The government uses evasive and misleading arguments to avoid directly answering Mr. Earls's assertion that the Court failed to rule on his objection to the PSR's calculations of the number of victims and loss amount, both of which were adopted by the Court in sentencing Mr. Earls. First, the government attempts to convey the impression that Mr. Earls never actually objected to the PSR calculations. Next, it tries to characterize the Court's rulings on other objections as rulings on Mr. Earls's objections to the PSR calculations. The record does not support either of these claims.

The government is plainly incorrect in its statement that "at no point during sentencing or on appeal, did Petitioner object to any supposed failure by this Court to make sufficient fact-findings in connection with its Guidelines calculation." Opp'n at 27. The record flatly contradicts this. First, Mr. Earls filed timely objections to the PSR's calculations. Mot. at 2; PSR at 27. Then, Mr. Earls restated his objections in his sentencing memorandum, Sentencing Mem. at 17-24, and repeated those objections in his sentencing reply brief. Reply to Gov't Sentencing Mem. at 9-10; Am. Reply to Gov't Sentencing Mem. at 9-10. Finally, at sentencing, defense counsel attempted to reiterate Mr. Earls's objections to the PSR calculations, but was abruptly cut off by the Court, which declared: "In the end it doesn't matter. That is the bottom line." Feb. 25, 2005 Tr. at 15:1. Preventing defense counsel from articulating an objection cannot fairly be characterized as a failure by the defendant to raise the objection at all.

Similarly unpersuasive is the government's argument that the Court's ruling on other objections is the equivalent of a ruling on these material sentencing objections. The government

claims that the Court "considered and rejected the challenges that Petitioner made to the Guidelines calculation contained in the PSR," when in fact the Court made no such rulings.  The government strains to convey the impression that other arguments the Court *did* specifically reject constituted rulings on the objections to the PSR victim-number and loss-amount calculations, but the record speaks for itself.  In particular, the government highlights the Court's rejection of "the claim that Earls had not received a fair trial," Opp'n at 25-26, and his "efforts to blame the losses incurred by investors . . . on the stock market's general decline." *Id*. at 26.  Neither of these arguments has any bearing on the objections to the PSR calculations, and thus cannot be considered to be rulings on Mr. Earls's specific objections with respect to the PSR calculations.  No where in the government's opposition brief has the government explained how these rulings would or could apply.

The government cannot point to any place in the record where the Court explicitly considered and rejected Mr. Earls's objections to the number of victims and loss amount calculated in the PSR.  The best the government can do is to claim that the Court's "adopti[on of] the PSR's Guidelines calculations" meant that the Court had "specifically addressed and rejected each of [Mr. Earls's] objections. Opp'n at 27.  Even cast in its strongest light, the government's argument can be read as no more than that the Court ruled *sub silentio* on Mr. Earls's objections to the PSR calculations.  An implicit or silent ruling, however, is not a sufficient ruling on a material objection to the presentence report.  As Mr. Earls noted in his motion, "'fail[ure] to resolve 'significant objections' to the PSR'" is grounds for resentencing. Mot. at 15 (quoting *United States v. Mejia-Pimental*, 477 F.3d 1100, 1102 (9th Cir. 2007)); *see also United States v. Osborne*, 291 F.3d 908, 912 (6th Cir. 2002) (requiring resentencing where the district court failed "to make findings with respect to, and expressly rule on, objections . . . to the presentence

7

report"); *United States v. Corrado*, 227 F.3d 528, 540 (6th Cir. 2000) (holding that summary acceptance of a presentence report is inadequate to dispose of a defendant's challenges to a presentence report).

Moreover, where, as here, the record indicates that the Court relied on disputed factors at sentencing, resentencing is necessary. The Court noted that "[t]here is ample support in the record for an offense level of 34. . . . Mr. Earls defrauded over $20 million from over nine years [*sic*]." Feb. 25, 2005 Tr. 38:23-39:1. The use of the loss amount as the basis for the offense level determination clearly demonstrates that the Court used the disputed information in reaching its sentence, which constitutes grounds for resentencing. *E.g.*, *United States v. Brown*, 314 F.3d 1216 (10th Cir. 2003) (remanding for a determination of whether disputed matters were taken into account at sentencing where the sentencing court failed to make express findings on certain disputed sentencing issues); *United States v. Mandell*, 905 F.2d 970 (6th Cir. 1990) (requiring resentencing where record indicated that sentencing court failed to make express finding on disputed facts in presentence report and had to rely on disputed information to calculate offense level); *United States v. Jimenez-Rivera*, 842 F.2d 545 (1st Cir. 1988) (concluding that a remand is necessary where a sentencing court may have relied on disputed information in the presentence report for either clarification or resentencing).

### IV. THE RECORD CONTRADICTS THE GOVERNMENT'S CLAIM THAT MR. EARLS HAD "AMPLE OPPORTUNITY TO OBJECT" AT SENTENCING

A plain reading of the record clearly resolves the dispute over whether Mr. Earls had a meaningful opportunity to present his objections. Mr. Earls was denied a meaningful opportunity to speak because he was interrupted at a significant juncture in his allocution. When Mr. Earls attempted to present the evidence and arguments in his favor, the Court interjected: "In the end it doesn't matter. That is the bottom line." Feb. 25, 2005 Tr. at 15:1. However, Mr.

Earls's objections did matter. Even the PSR author noted that the factual disputes Mr. Earls raised "remain[] unresolved." PSR at 27-29. Shortly after judgment had been entered, Mr. Earls attempted to bring this error to the Court's attention in a personally-authored *pro se* letter, requesting that the Court reconsider the imposed sentence and noting discrepancies in the government's purported loss amount that had been adopted by the PSR and, ultimately, the Court. He has received no response from the Court. Mot. at 5.

As Mr. Earls emphasizes in his motion, the refusal to allow him and his counsel to speak subverts the procedural validity of his sentencing. Mot. at 15-16. It also ignores the Federal Rules of Criminal Procedure, which provide that "[a]t sentencing, the court . . . must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." FED. R. CRIM. P. 32(i)(1)(C).

**CONCLUSION**

  The Court's unwillingness to consider Mr. Earls's arguments and evidence in response to the government's purported loss and victims figures, not to mention the fact that his significant objections to the PSR remain unresolved to this day, have resulted in a miscarriage of justice. For all of the foregoing reasons and those presented in Mr. Earls's Section 2255 motion, Mr. Earls respectfully requests that the Court reconsider its sentence in this case.

                   Respectfully submitted,

Dated: August 28, 2007        SIDLEY AUSTIN LLP

                 By: /s/ Steven M. Bierman
                   Steven M. Bierman (SB 6615)[5]
                   787 Seventh Avenue
                   New York, NY  10019
                   (212) 839-5510

                   Thomas C. Green (*pro hac vice* pending)
                   1501 K Street, N.W.
                   Washington, D.C. 20005
                   (202) 736-8000

                   *Counsel for the Movant*
                   C. GREGORY EARLS

---

[5] Mr. Bierman continues to appear on behalf of Mr. Earls until the Court rules on the pending motion to admit Mr. Green *pro hac vice*.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2007, one copy of the foregoing "REPLY TO RESPONDENT'S OPPOSITION" was mailed, first-class postage prepaid, to:

>   AUSA William Stellmach
>   United States Attorney's Office for
>       the Southern District of New York
>   One St. Andrew's Plaza
>   New York, NY  10017
>
>   *Counsel for the Respondent*

_____
Matthew S. Ferguson