

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

C. GREGORY EARLS,

                          Petitioner,

                                          **MEMORANDUM AND ORDER**

          - against -

                                          07 Civ. 5946 (NRB)

UNITED STATES OF AMERICA,

                          Defendant.

----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


        C.  Gregory  Earls  ("Earls"  or  "petitioner")  brings  this
petition  for  a  writ  of  habeas  corpus  pursuant  to  28  U.S.C.  §
2255  (the  "Petition").    Petitioner  was  charged  with  securities
fraud  and  other  crimes  in  a  twenty-two  count  indictment  on  March
24,  2003.  After  a  jury  trial,  he  was  convicted  on  April  24,  2004
on  all  twenty-two  counts,  and  was  sentenced  on  February  25,  2005
to  125  months'  imprisonment.[1]    Petitioner  appealed  in  July,  2005
(the  "Appeal")  and,  on  December  7,  2005,  the  Second  Circuit
affirmed  both  his  conviction  and  his  sentence.    See  United
States  v.  Earls,  157  Fed.Appx.  421,  423  (2d  Cir.  2005),  cert.
denied,  126  S.Ct.  2945  (2006).

---

[1] Petitioner was also sentenced to 3 years of supervised release
to follow his imprisonment, and was ordered to pay $2,200 in mandatory
assessments and $21,973,628 in restitution.

Petitioner now challenges his sentence yet again.   First, petitioner argues that the Court violated his Sixth Amendment rights by relying on certain facts when calculating his sentencing range (primarily the number of victims affected by his securities scheme and the amount of losses sustained by those victims as reported in the Pre-Sentence Investigation Report (the "PSR")), which the jury had never determined, and which, he argues, were inflated (the "Sixth Amendment Claim").[2] Second, petitioner argues that the Court improperly denied him the opportunity to challenge these facts presented in the PSR and failed to resolve his objections to those facts before setting his sentence (the "Unresolved Objections Claim").[3]   As discussed below, petitioner is procedurally barred from raising his Sixth Amendment Claim because he has already unsuccessfully presented this claim on direct appeal, and to the extent it

---

[2] In his Petition, Earls states that he "continues to assert that the amount of loss and number of victims expressed in the PSR and adopted by the court at his sentencing are too high and result in an unreasonable prison sentence" and that the Court impermissibly relied on these numbers, stating that "the sentencing court's adoption of the PSR's findings relative to the loss amount and number of victims seriously diminishe[d] the jury's role and dramatically undermine[d] the protections enshrined in the Sixth Amendment".   Petition for Habeas Relief, dated June 18, 2007 (the "Petition") at 5-7 (citing United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296, 305 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000)).

[3] The Petition states that the Court "should have allowed [Petitioner] the opportunity to present rebuttal evidence to show the mathematical errors made by the government", complains that the Court impermissibly prevented Petitioner from doing so, and further complains that the Court did not resolve all of Petitioner's objections.   Id. at 11-16.

states a separate claim, the petitioner has waived his opportunity to raise the Unresolved Objections Claim in this Section 2255 petition because he failed to raise that claim on appeal.[4]

---

[4] On July 26, 2007, after petitioner submitted his Petition, and after the government submitted its opposition to the Petition, the Court sent a letter to the parties in which it raised the possibility that petitioner: (1) was barred from raising the claims presented in the Petition; and/or (2) had waived those claims.

Petitioner responded in a letter dated August 6, 2007 asserting that the government had waived any procedural default issues by failing to raise them in its opposition to the Petition. Petitioner argued that procedural default is an "affirmative defense," Gray v. Netherland, 518 U.S. 152, 166 (1996), one that the government "is obligated to raise. . . or lose the right to assert." Id. Petitioner also cited United States v. Ware, 416 F.3d 1118 (9th Cir. 2005). Petitioner's cited authority, however, refers to situations where the government attempted to raise procedural defaults on appeal, after failing to raise them during a district court's § 2255 proceeding. Here, by contrast, the Petition is still before the district court.

Moreover, contrary to petitioner's position, this Court may raise the procedural default issue sua sponte. While generally courts do not sua sponte raise non-jurisdictional defenses not raised by the parties, Acosta v. Artuz, 221 F.3d 117, 122 (2d Cir. 2000), citing Hardiman v. Reynolds, 971 F.2d 500, 504 (10th Cir.1992), there is a well-grounded exception, "where a 'doctrine implicates ... values that may transcend the concerns of the parties to an action....'" Id. at 122, citing Femia v. United States, 47 F.3d 519, 523 (2d Cir.1995). The Second Circuit reasoned in Acosta that procedural defaults may be raised sua sponte during a § 2254 proceeding because procedural defaults affect, "the expenditure of scarce federal judicial resources. . .and encourage[] efficiency by channeling disputes to the best forum for their resolution ... while the record is fresh," 221 F.3d at 122, citing Hardiman 971 F.2d at 503-04. The Hardiman case affirmed the authority of a district court to raise sua sponte the defense of state procedural default in the habeas context. Acosta further cited with approval another Tenth Circuit case, Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992) to the effect that § 2255 proceedings also implicated "finality, docket control, and judicial efficiency" so as to permit sua sponte judicial review. Acosta, 221 F.3d at 123. Accordingly, we proceed to discuss the procedural bar and procedural default arguments on the merits.

3

## DISCUSSION

### A.   Procedural Bar

It is "well established" that a Section 2255 petition "cannot be used to 'relitigate questions which were raised and considered on direct appeal'". See e.g. United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)); see also United States v. Becker, No. 06-1274-CR, slip op. at 4516 (2d Cir. Sept. 13, 2007); United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997), cert. denied, 525 U.S. 953 (1998); Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Douglas v. United States, 13 F.3d 43, 36 (2d. Cir. 1993). Reconsideration of an issue previously raised on appeal "is permitted only where there has been an intervening change in the law and [where] the new law would have exonerated [the] defendant had it been in force before the conviction was affirmed on direct appeal". Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980) (citing United States v. Loschiavo, 531 F.2d 659, 664 (2d Cir. 1976). See also Davis v. United States, 417 U.S. 333, 342 (1974); Becker, No. 06-1274-CR, slip op. at 4516 ("We may find it appropriate to reconsider an earlier decision when we are confronted with 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (internal citations omitted))

A review of the submissions and of the decision from petitioner's Appeal reveals that petitioner clearly raised his Sixth Amendment Claim before the Second Circuit. In his primary appellate brief, for instance, petitioner expressly argued: (1) that the Court's sentence "violated [his] Sixth Amendment rights to have a jury find the relevant sentencing facts"; and (2) that the loss amount relied upon by the Court in setting his sentence was improperly calculated.[5]  Petitioner also relied on the same cases in his primary appellate brief, namely Booker, Blakely, and Apprendi, that he now cites in support of his Petition.[6] Moreover, it is apparent from the Second Circuit's decision in

---

[5] "STATEMENT OF THE ISSUES PRESENTED FOR APPEAL . . . II.  Should the district court have based its sentencing decision primarily on the allegation that Earls had misappropriated $13.8 million of the approximate $20 million of investors' monies instead of using it to buy the stock the investors had been promised when (1) this factual allegation was not proven to the jury and (2) it was simply contrary to the evidence found in the government's own exhibits which showed that the money had not been misappropriated and the stock had in fact been purchased?"  Corrected Brief of Appellant C. Gregory Earls, dated July 21, 2005 ("Appellant Br.") at 3; see also Appellant Br. at 45-46.

[6] Id. at 45-46.  Although the argument the petitioner now makes in his Section 2255 petition is arguably more elaborate than the one he presented on appeal, it challenges his sentence on the same basis and, thus, presents the same claim for the purposes of our Sanin analysis.  See e.g. Williams v. United States, 731 F.2d 138, 141 (2d Cir. 1984) (that a claim is based on a different factual premise is not sufficient to make the claim one based on a new ground); accord Cabrera, 972 F.2d at 25 ("Because [petitioner's] claim that the sentencing judge impermissibly relied on portions of the presentence report has been fully litigated on direct appeal and found to be without merit, he may not now collaterally attack his sentence under section 2255").  We further note, for the benefit of a reviewing court, that were it determined that petitioner failed to raise some aspect of this claim on appeal, the claim would be procedurally defaulted under our Frady analysis, infra.

the Appeal that it fully considered this Court's determination of petitioner's sentence. In affirming petitioner's sentence, the Second Circuit wrote: "The District Court properly calculated a Guidelines sentence, took into account the other factors set forth in 18 U.S.C. § 3553(a), and imposed a reasonable sentence, albeit one that was *below* the applicable Guidelines range for Earls' offense." Earls, 157 Fed.Appx. at 423 (emphasis in the original).

Accordingly, petitioner having already raised his Sixth Amendment Claim on direct appeal (and having not prevailed), and having not directed the Court to any subsequent change in the law that would warrant a reconsideration of his sentence,[7] he cannot re-raise that claim in a Section 2255 petition, as it is procedurally barred.

## B.   Procedural Default

Absent a showing of "cause and prejudice," a party who fails to raise an issue on appeal thereby waives his right to raise that issue in a subsequent Section 2255 proceeding. United States v. Frady, 456 U.S. 152 (1982); Sapia v. United States, 433 F.3d 212 (2d Cir. 2005) ("Because a motion under § 2255 is not a substitute for direct appeal, [petitioner] has procedurally forfeited his claim . . . unless he can show '(1) cause for failing to raise the issue, and prejudice resulting

---

[7] See infra note 9.

6

therefrom; or (2) actual innocence'") (quoting <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1998) (internal marks omitted)). "[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." <u>DeJesus v. United States</u>, 161 F.3d 99, 102 (2d Cir. 1998). <u>See also</u> <u>Campino v. United States</u>, 968 F.2d 187, 198-90 (2d Cir. 1992) (extending "cause and prejudice" default test to constitutional claims raised in Section 2255 motion); <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal").

For purposes of this discussion, we will read petitioner's Appeal narrowly and assume that petitioner raises his Unresolved Objections Claim for the first time.[8] Accordingly, under <u>Frady</u>,

---

[8] If it were determined that petitioner <u>did</u> raise his Unresolved Objections Claim in his Appeal, he would be procedurally barred from raising that claim here under the <u>Sanin</u> analysis, <u>supra</u>.

In the end we find it difficult to conclude that petitioner's procedural challenges are separable from his substantive challenges to the calculation and length of his sentence. Properly understood the statement to petitioner's counsel at sentencing ("In the end it doesn't matter. That is the bottom line. It really doesn't matter whether he pocketed $11.2 million or $13.6 million or $9.8 million. It doesn't factor into any decision that I have to make." (Feb. 25, 2005 Tr. at 14:15-15:9)) was a ruling that, for sentencing purposes, the amount of money obtained from victims of a fraudulent enterprise was the loss amount. Based on that ruling, counsel decided (on his own) not to call Arthur Radin, C.P.A., who had been a trial witness, to testify at sentencing. Nonetheless, Earls did choose to speak, and he addressed the Court for over eight pages of transcript, and discussed the substantive issues related to the proper calculations of his sentence. (Feb. 25, 2005 Tr. at 23:10-31:14).

petitioner is not permitted to pursue this claim in his Section 2255 petition absent a showing of cause and prejudice. Petitioner has not even offered any argument to show "cause" for his failure to raise these arguments on appeal. It is apparent from the record, and from the Petition, that petitioner could easily have raised his Unresolved Objections Claim, which is based on the transcript record of his sentencing on appeal, but simply failed to do so.[9] Accordingly, petitioner is not excused from his procedural default and is not permitted to raise his Unresolved Objections Claim here.[10]

---

[9] Indeed, petitioner acknowledges in his August 6, 2007 letter to the Court, that "the issues presented here were apparent from the record of [Petitioner's] sentence and [that Petitioner] rel[ies] on law [in his Petition] that existed at the time of [his] appeal."

[10] As petitioner has not demonstrated "cause" for his failure to raise this claim on appeal, we need not address whether petitioner was "prejudiced" by that failure. See, e.g., DeJesus, supra.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is denied. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated:     New York, New York
           September 27, 2007

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

9

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Counsel for Petitioner

Thomas C. Green, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

   -  and  -

Steven M. Bierman, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Counsel for Defendant

William Stellmacht, Esq.
Assistant United States Attorney
United States Attorney's Office
1 St. Andrew's Plaza
New York, NY 10007