

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 30, 2007

**BY HAND DELIVERY**

Honorable Naomi Reice Buchwald
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007-1312

      Re:   C. Gregory Earls v. United States, 07 CV 5946 (NRB)

Dear Judge Buchwald:

      The Government respectfully submits this letter brief in opposition to petitioner C. Gregory Earl's motion for a certificate of appealability.[1] As set forth below, this Court properly denied his habeas petition on procedural grounds, and Earls has failed to meet his burden of showing the denial of any constitutional rights. See Earls v. United States, 2007 WL 2826680 (S.D.N.Y. September 27, 2007).

**A.**    **Applicable Legal Standard**

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 18 U.S.C. § 2253(c)(2) (emphasis added). When a habeas petition is denied on procedural grounds as here, then a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Thus, Earls must make two threshold showings: one for the procedural issue and a second for the purported constitutional ones raised in his petition.

---

[1]    Memorandum of Law in Support of Motion for a Certificate of Appealability dated October 26, 2007 is cited as "Pet. Mot."

B.  **This Court Should Not Issue a Certificate of Appealability**

    1.  **Earls' Petition Was Procedurally Barred**

Earls' efforts to manufacture a debatable issue over whether this Court could raise sua sponte the issue of procedural default should be swiftly rejected. This Court acted well within its discretion to raise the affirmative defense, which was amply warranted by Earls employing his habeas petition to resurrect the very same claims denied in his direct appeal.

As an initial matter, Earls' claim that this Court "began its analysis by misstating Mr. Earls' position" is flatly belied by the record. Pet. Mot., 4. Earls contends that he "clearly did not argue that the Court may never raise procedural default sua sponte." Id. In response to Your Honor's July 26, 2007, request for additional briefing on the issue of procedural default, however, Earls expressly argued that procedural default was an affirmative defense that the Government waived by its failure to raise it in the initial response to Earls' habeas petition, citing several inapposite cases supporting his claim that Your Honor could not then raise such defenses sua sponte. In rejecting that argument, Your Honor cited clear authority that recognized the need for a district court to raise such affirmative defenses in the habeas context in the interests of "finality, docket control, and judicial efficiency." See Earls, 2007 WL 2826680, at *1, n. 4 (citing cases).[2]

Notwithstanding Earls' suggestion in the instant motion, it is thus well-established that a district court can raise procedural defaults sua sponte during a Section 2255 proceeding. See id. (citing Acosta v. Artuz, 221 F.3d 117, 122 (2d Cir. 2000)). Significantly, Earls again ignores the clear weight of authority in this Circuit supporting this court's authority to raise such affirmative defenses, and he again relies on singularly inapposite cases: Arizona v. California, 530 U.S. 392, 412-13 (2000), which concerned water rights on the Colorado River; and Thomas v. Crosby, 371 F.3d 782, 793 (11th Cir. 2004), which dealt with an appellate court issuing sua sponte a certificate of appealability on an issue not raised below.

In addition, contrary to Earls' claims, it is not "debatable" whether his habeas duplicated the claims rejected by the Second Circuit in his direct appeal. See Pet. Mot., 5. In the instant motion, Earls contends that on appeal he merely challenged this Court's reliance at sentencing on a victim letter, and "reasonable jurists could debate whether the Court's reliance on the amount of loss and number of victims...was a

---

    [2]  Earls' contention that this Court "has not expressly stated its basis for raising the affirmative defense sua sponte" is simply mistaken. Pet. Mot., 4, n.2.

2

different question from the 'emotional letter' matter argued on appeal." See id. (emphasis in original). That argument, however, ignores the clear record of Earls' appeal: he raised the same challenges to loss amount on direct appeal that his habeas petition regurgitates.

As for the purported Sixth Amendment claim, the Government is at a loss. Earls persists in arguing that this "Court's reliance on the presentence investigation report's determinations for amount of loss and number of victims violated his Sixth Amendment rights because they were not facts found by the jury or authorized by the jury's verdict." Pet. Mot., 5. No reasonable jurist could debate that in light of United States v. Booker, 543 U.S. 220 (2005), and its progeny. Far from precluding fact-finding in connection with Guidelines calculations, as Earls claims, the Supreme Court and the Second Circuit have explicitly cautioned that it would be error for a sentencing court to limit its findings for Guidelines calculations to facts found only by a jury. See United States v. Crosby, 397 F.3d 103, 114-115 (2d Cir. 2005); see also Booker, 543 U.S. at 233 ("For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). In fact, the Second Circuit held in United States v. Williams, 399 F.3d 450, 453 (2d Cir. 2005) that "a sentencing judge violates the Sixth Amendment by finding facts and mandatorily using them to enhance a sentence above the Guidelines range that would have been applicable based solely on facts found by the jury." See also Booker, 543 U.S. at 234-35, 244. In short, Earls' purported Sixth Amendment claim is an invitation to commit error, and raises no issue that reasonable jurists would debate.

2.  **Earls' Constitutional Claims Are Meritless**

For the reasons set forth in the Government's brief in opposition to Earls' Section 2255 motion, the constitutional claims asserted in his petition are meritless. Although the record is devoid of any support for his claim that Your Honor deprived him of any opportunity to address the enhancements at sentencing, he again insists that this Court "erred in refusing Mr. Earls the opportunity to do so." Pet. Mot., 8. The underlying petition is replete with similar factual misstatements addressed in the Government's opposition brief.[3] In any event, Earls contentions about errors by this Court at his sentencing were fully litigated on appeal. There is no basis for asking the Second Circuit to revisit arguments that it has already squarely rejected.

---

[3]  For example, in the instant motion, Earls notes at sentencing that Your Honor referred to his "nine years" of fraud, and contends that statement was erroneous because he defrauded investors in USV Partners over a shorter time period. See Pet. Mot., 9. The trial record, however, is clear that Earls' prior fraudulent ventures, AVAC and Pinheal, coupled with the charged USV Partners fraud, transpired over a ten year period.

C.     **Conclusion**

   Earls' motion for a certificate of appealability should be denied. If Your Honor does grant one, the Government respectfully requests that this Court identify the specific questions that Earls may present on appeal. See Shabazz v. Artuz, 336 F.3d 154, 160 (2d Cir. 2003) (encouraging district courts to state with specificity the issues they certify for review).

                                        Very truly yours,

                                        MICHAEL J. GARCIA
                                        United States Attorney

                              By:       *[signature]*
                                        William J. Stellmach
                                        Assistant United States Attorney
                                        Telephone: (212) 637-2101

cc:    Steven M. Bierman, Esq.
       Thomas C. Green, Esq.
       James Azadian, Esq.