Steven M. Bierman (SB 6615)
Matthew S. Ferguson (MF 9930)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

Thomas C. Green (admission *pro hac vice* pending)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

*Counsel for the Movant-Applicant*
C. GREGORY EARLS

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                            :
C. GREGORY EARLS,                           :   No. 07-cv-5946 (NRB)
                                            :   (No. 03-cr-0364 (NRB))
                    Movant-Applicant,       :
                                            :
        v.                                  :
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
                    Respondent.             :
--------------------------------------------------------------- X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### THE MOTION FOR A CERTIFICATE OF APPEALABILITY

Movant-Applicant C. Gregory Earls submits this Reply Memorandum of Law in Further Support of his Motion for a Certificate of Appealability, filed with this Court on October 26, 2007.[1] The government's letter brief opposing the issuance of a certificate of appealability

---

[1] The purpose of this reply is not to repeat the arguments raised by Mr. Earls in his motion. Rather, Mr. Earls will address the government's legal contentions raised in its opposing letter brief.

requires little response.  As the government notes, "[w]hen a habeas petition is denied on procedural grounds as here, then a certificate of appealability should issue if 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Stellmach Letter to Judge Buchwald, at 1 (Oct. 30, 2007) ("Gov't Letter") (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).  Mr. Earls has satisfied his burden in making both showings.  The government's arguments to the contrary ignore the express citations to opinions issued by the Supreme Court of the United States and various circuit courts that specifically illustrate that this Court's application of a procedural bar and the issues raised by Mr. Earls in his habeas petition are debatable amongst jurists of reason.  As the government admits, such a showing would entitle a prisoner to a certificate of appealability.  Accordingly, a certificate of appealability should be granted to Mr. Earls.

Mr. Earls has consistently recognized that the Court may raise affirmative defenses *sua sponte*.[2]  Earls Letter to Judge Buchwald, at 1 (Aug. 6, 2007) ("Earls Letter") (quoting *Acosta v. Arutz*, 221 F.3d 117, 121 (2d Cir. 2000)); Mem. In Supp. of Mot. for Certificate of Appealability ("Earls Mem.") at 4 (same).  In his August 6, 2007 letter brief to Judge Buchwald, Mr. Earls argued that it was inappropriate for the Court to do so in this case.  Earls Letter at 1.  His

---

[2]  The government begins its opposing letter brief by asserting that Mr. Earls's claim that the Court misstated Mr. Earls's position is "flatly belied by the record" and then proceeds to mischaracterize Mr. Earls's argument.  The government quotes Mr. Earls's motion, but removes the emphasis in the quote without noting that it has done so.  As explained above, Mr. Earls has consistently argued that the Court may raise affirmative defenses *sua sponte*.  His contention was that it was inappropriate here, or, at a minimum, that reasonable jurists could debate whether it was appropriate.

Memorandum of Law in Support of his Motion for a Certificate of Appealability argues that reasonable jurists could debate whether it was appropriate for the Court to do so.  Earls Mem. at 4-5.  This argument is grounded in the doctrine that courts should only raise affirmative defenses *sua sponte* "in special circumstances" lest they "erod[e] the principle of party presentation so basic to our system of adjudication."  *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 398 n.4 (2d Cir. 2003) (noting that the Second Circuit has held that *sua sponte* application of an affirmative defense "is not always desirable") (internal quotation marks omitted); *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003) ("Courts generally lack the ability to raise an affirmative defense *sua sponte*."); *Thomas v. Crosby*, 371 F.3d 782, 793 (11th Cir. 2004) ("The conditions under which a court may consider a nonjurisdictional matter sua sponte have never adequately been considered and have caused a great deal of confusion among jurists.").

The government argues that *Arizona* and *Thomas* are inapposite because they "concerned water rights on the Colorado River" and "an appellate court issuing *sua sponte* a certificate of appealability on an issue not raised below," respectively.[3]  Gov't Letter at 2.  The government does not bother to explain how these facts cause the legal doctrine outlined in those cases to be inapplicable here.  The courts in those cases were grappling with exactly the same issue that is before the Court here.  Namely, whether it is appropriate for a court to raise affirmative defenses *sua sponte*.  The government's attempt to distinguish these cases by cherry-picking random facts and alleging that the legal doctrine is inapplicable because those facts do not match up identically with the facts in this case is wholly unpersuasive.

---

[3]  It is difficult to accept the government's argument that no reasonable jurists could debate whether the procedural issues were properly applied here when, if those procedural bars so clearly applied, the government did not raise them itself.

Reasonable jurists could disagree with the Court's conclusion that this is one of those "special circumstances" in which it was appropriate for the Court to raise an affirmative defense *sua sponte*. Additionally, jurists of reason could debate whether Mr. Earls had previously raised his Sixth Amendment argument on appeal and, as demonstrated in his initial memorandum in support of his motion, whether there was merit to his constitutional claims. Accordingly, Mr. Earls respectfully requests that this court certify to the Second Circuit both the procedural issues related to his habeas petition and the merits of his habeas claims.[4]

Respectfully submitted,

Dated: November 3, 2007                    SIDLEY AUSTIN LLP

By: _____/s/_____
    Steven M. Bierman (SB 6615)[5]
    Matthew S. Ferguson (MF 9930)
    787 Seventh Avenue
    New York, NY 10019
    (212) 839-5510

    Thomas C. Green (*pro hac vice* pending)
    1501 K Street, N.W.
    Washington, D.C. 20005
    (202) 736-8000

    *Counsel for the Movant-Applicant*
    C. GREGORY EARLS

---

[4] Mr. Earls does not quarrel with the government's request that "this Court identify the specific questions that Earls may present on appeal." Gov't Letter at 4.

[5] Mr. Bierman and Mr. Ferguson continue to appear on behalf of Mr. Earls because the Court has not ruled on the pending motion to admit Mr. Green *pro hac vice*.

CERTIFICATE OF SERVICE

The undersigned certifies that on November 3, 2007, one copy of the foregoing "REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION FOR A CERTIFICATE OF APPEALABILITY" was mailed, first-class postage prepaid, to:

>AUSA William Stellmach
>United States Attorney's Office for
>  the Southern District of New York
>One St. Andrew's Plaza
>New York, NY 10017

*Counsel for the Respondent*

Matthew S. Ferguson